HARRIET F. MOULTON *vs.* IVORY F. MOULTON and others.

Cumberland. Opinion April 2, 1884.·

*Divorce. Dower.*

Cross libels for divorce pending between a husband and wife were heard together; the court first decreed a divorce on the husband's libel for the fault of the wife and the next day decreed a divorce on the wife's libel for the

fault of the husband, and decreed to her a certain sum in lieu of alimony. Eight months afterwards the husband died and the wife then brought an action against his heirs to recover her dower. *Held,* that she was not endowable.

ON REPORT.

Action of dower. The plea set out the decree of the court on the libel of plaintiff's husband for a divorce by which, the defendant claims, she was barred of her dower.

The opinion states the facts.

*John J. Perry,* and *H. D. Hadlock,* for the plaintiff.

*Stilphen* v. *Houdlette,* 60 Maine, 447, is not this case. In that case there were two trials, more than six years apart. Here there was but one trial. If it had been presented to a jury with the same result the verdicts would have been simultaneously rendered. The presiding justice had no discretionary power over the question of dower. R. S., c. 60, § 7. And it cannot be said that the court by indirection could do that which could not be directly done. The judgments are rendered as of the last day unless on motion a special judgment is entered. *Herring* v. *Polley,* 8 Mass. 113; *Chase* v. *Gilman,* 15. Maine, 64; Spaulding's Pr. 217, 218; see, Rules of Court, XXVIII.

Counsel further contended that the second decree amended the first. The rectification of a decree or order is usually made by an alteration of the decree or order itself but when this cannot conveniently be done a supplemental order will be made. *Hawker* v. *Buncomb,* 2 Mad. 391; *Skyimsher* v. *Northcote,* 1 Swanst. 573; *Tomlies* v. *Palk,* 1 Russ. 475; *Hughes* v. *Jones,* 26 Beav. 24; *Wallis* v. *Thompson,* 7 Ves. 292; *Lane* v. *Hobbs,* 12 Ves. 458; *Needham* v. *Needham,* 1 Hare, 633; *Clark* v. *Hall,* 7 Paige, 382; Daniel's Ch. Pr. § 1029; *Park* v. *Johnson,* 7 Allen, 378. The same rule of construction should be applied to these decrees that is applied to statutes, that the earlier is repealed by the later when inconsistent with each other.

*Haskell and Woodman,* for the defendants, cited : 4 Kent's Com. 54; 2 Bl. Com. 130; *Curtis* v. *Hobart,* 41 Maine, 230; *Stilphen* v. *Houdlette,* 60 Maine, 447.

LIBBEY, J. · This plaintiff and Morris M. Moulton, her late husband, at the January term, Supreme Judicial Court, 1882, had libels pending against each other for divorce. They were heard by the court together, and on the nineteenth of January the court decreed a divorce on the husband's libel for the fault of the wife, and on the twentieth of January decreed a divorce on the libel of the wife for the fault of the husband, and decreed to her a certain sum in lieu of alimony. In September following Morris M. Moulton died seized of improved lands, and the plaintiff brings this action against his heirs to recover her dower. The only question presented is whether she is endowable. We think she is not. When the final decree of divorce was entered on the husband's libel for the fault of the wife she was at once barred of her dower in his lands. *Stilphen* v. *Houdlette*, 60 Maine, 447.

True, the court had jurisdiction after the decree in favor of the husband on his libel to enter the decree in favor of the wife on her libel and grant her alimony; *Stilphen* v. *Stilphen*, 58 Maine, 508; but that decree in no way qualified or affected the legal consequences of the prior decree. The bar is just as effectual when a day only intervenes between the decrees as if it was a year.

*Judgment for the defendants.*

PETERS, C. J., WALTON, VIRGIN and SYMONDS, JJ., concurred.